This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Steve Cover, appeals from the judgment of the Cuyahoga Falls Municipal Court that found him guilty of violating the barking or howling dog ordinance of the city of Tallmadge. We affirm.
 {¶ 2} On February 14, 2003, Defendant was cited for violating the barking or howling dog ordinance of the city of Tallmadge, City of Tallmadge Codified Ordinance 505.09(A). Defendant pled no contest to the citation, and the trial court found him guilty and fined him accordingly. Defendant timely appeals and raises three assignments of error for review. To facilitate review, we will address Defendant's assignments of error together.
 ASSIGNMENT OF ERROR I
"The [c]onstitutionality of [the City of Tallmadge Codified Ordinance 505.09(A)]. [W]hether such a vague law should exist."
 ASSIGNMENT OF ERROR II
"Whether it is fair for one animal to break the law at the expense of of [sic.] another."
 ASSIGNMENT OF ERROR III
"Trial [j]udge turning the other cheek to and exploiting the fact that cats will run loose and his rather extreme punishment to an innocent animal."
 {¶ 3} In his first assignment of error, Defendant apparently argues that the City of Tallmadge Codified Ordinance 505.09(A) is vague and, therefore, unconstitutional. In his second assignment of error, Defendant contends that the police officer erroneously cited him for violating the City of Tallmadge Codified Ordinance 505.09(A) before pursuing the true offenders, namely, the cats. Specifically, he contends that the cats "broke the law" by entering his yard and tormenting his dog, thereby causing his dog to bark in response to the torment inflicted upon him by these cats. In his third assignment of error, Defendant alleges that the trial court is aware that the cats are "breaking the law," but disregards their culpability. Defendant's assignments of error lack merit.
 {¶ 4} This court notes that Defendant has failed to cite any applicable case law on these issues. See In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at 12 (declining to address the appellant's assignment of error because he failed to cite law applicable to the assigned error). As such, Defendant has failed to provide citations to authorities supporting his assignments of error and the standard of review applicable to his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). Defendant had the burden of affirmatively demonstrating error on appeal. See Angle v. Western Reserve Mut. Ins.Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska
(Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. Moreover, "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. Accordingly, as Defendant has failed to set forth any legal error in his three assignments of error, this court has no choice but to disregard them. Accordingly, Defendant's first, second, and third assignments of error are overruled.
 {¶ 5} Defendant's assignments of error are overruled. The judgment of the Cuyahoga Falls Municipal Court is affirmed.
Judgment affirmed.
Baird, J. and Whitmore, J. concur.